NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BAVA, | |
| Plaintiff, | Civil No. 08-5473 (AET) |
| v. | **MEMORANDUM & ORDER** |
| HAMILTON FARM GOLF CLUB, et al., | |
| Defendants. | |
| JOSEPH MATINA, | |
| Plaintiff, | Civil No. 08-5725 (AET) |
| v. | |
| HAMILTON FARM GOLF CLUB, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

     This matter is before the Court upon Plaintiffs John Bava and Joseph Matina's motion "for reconsideration and/or clarification" of the Court's June 22, 2009 order dismissing Counts II through IX of Plaintiffs' Amended Complaints for failure to state a claim upon which relief can be granted. In the alternative, Plaintiffs request that the Court certify its dismissal order for interlocutory appeal to the Third Circuit.

     The Court dismissed these counts after considering the parties' arguments at a June 22, 2009 hearing on Defendants' motion to dismiss as well as their submissions. The Court will now briefly review its reasoning as to each dismissed count, and, for those reasons, the Court will

deny Plaintiffs' motion for reconsideration.  Further, because the Court finds no "substantial ground for difference of opinion" with respect to the questions of law regarding each dismissed Count, the Court denies Plaintiffs' request to certify this Order or its June 22, 2009 Order for interlocutory appeal.  28 U.S.C. § 1292(b).

1.   Count II:   New Jersey Consumer Fraud Act

The Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq., applies to "goods or services generally sold to the public at large."  Cetel v. Kirwan Fin. Group, Inc., 460 F.3d 494, 514 (3d Cir. 2006).  The golf club memberships Plaintiffs here purchased are not the kind of good sold to the public at large.  Instead, the memberships are offered by invitation only, with the sponsorship of an existing member.  Further, the club limits the number of members it will allow at any given time and requires a deposit of more than $200,000.  The club adopted these procedures for the purpose of maintaining the exclusivity of the membership, that is, to not make membership available to the public at large.

2.   Count III:   "Fraud and Operation of Ponzi Scheme"

Plaintiffs' third count appears to be for common law fraud.  However, in this Count (as distinct from Count VII), Plaintiffs rely solely on their allegation that Defendants engaged in a ponzi scheme to establish that Defendants committed fraud.  Plaintiffs do not directly plead the elements of common law fraud; they do not specifically identify any material misrepresentation Defendants made, that Defendants knew the statement was false and that Defendants intended Plaintiffs to rely on the statement.  Banco Popular N. Am. v. Gandi, 876 A.2d 253, 260 (N.J. 2005) ("To establish common-law fraud, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an

intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.") (citations and internal quotations omitted).

But, alleging facts purportedly establishing a ponzi scheme, without also pleading particular facts constituting the elements of fraud, is insufficient to state a claim for fraud. Fed. R. Civ. P. 9(b).[1]

3.   Count IV:   Securities Act of 1933 and Securities Exchange Act of 1934

Plaintiffs here purchased a golf club membership – a license to use the club's facilities for a period of years. That is not a "security" under the federal securities laws. The "touchstone" of a security is "an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." S.E.C. v. Edwards, 540 U.S. 389, 395-96 (2004) (quoting United Hous. Found., Inc. v. Forman, 421 U.S. 837 (1975)). The classic examples of profit are: "capital appreciation resulting from the development of [an] initial investment and participation in earnings resulting from the use of investors' funds." Id. However, where a "purchaser is motivated by a desire to use or consume the item purchased" and not by the expectation of profit, the item purchased is not a security. Id. Here, the membership contracts Plaintiffs purchased did not provide for capital appreciation, earnings or any other form of profit. Plaintiffs only purchased the right to use the club's facilities. Therefore, the golf club memberships Plaintiffs purchased are not securities under the federal security laws.[2]

---

[1] To the extent Plaintiffs are asserting a cause of action called "Operation of Ponzi Scheme," separate from their claim of fraud, that claim is dismissed. The Court is not aware of any such independent cause of action, and Plaintiffs have cited no authority recognizing it.

[2] While the contract does provide for the return of the purchase price of the memberships at the close of the license period, the funds are returned without interest.

4.      Count V:       New Jersey Uniform Securities Law

New Jersey courts have interpreted "security" under the New Jersey Uniform Securities Law, N.J.S.A. § 49:3-47 et seq., in line with the Supreme Court's opinion in Forman.  See AMR Realty Co. v. State of N.J., Bureau of Secs., 373 A.2d 1002, 1005-07 (N.J. Super. A.D. 1977) (citing Forman, 421 U.S. 837)).  Therefore, for the reasons stated above with respect to Count IV, Count V is dismissed.

5.      Count VI:      Breach of Implied Covenant of Good Faith and Fair Dealing

Under New Jersey law, a party to a contract may be found to have breached the duty of good faith and fair dealing where the party has engaged in conduct that is "unfair" or "inequitable" with a "malice-like" state of mind, but a party will not be found to have breached the duty without such allegations of "bad faith or dishonesty."  See Black Horse Lane Assocs., L.P. v. Dow Chem. Corp., 228 F.3d 275, 288 (3d Cir. 2000) (citing Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997)); see also Elliot & Frantz, Inc. v. Ingersoll-Rand Co., 457 F.3d 312, 329 (3d Cir. 2006) ("[B]ad motive or intention is essential" to finding a breach of the duty of good faith and fair dealing.).

Here, Plaintiffs have alleged facts establishing a breach of contract claim, which the Court has allowed to proceed, but Plaintiffs have not alleged facts suggesting the intentional bad faith or dishonesty required for a claim of breach of the covenant of good faith and fair dealing.[3]

---

[3] Plaintiffs indicate in their brief that they are unclear as to whether the June 22 order dismissed Count VI for breach of the covenant of good faith and fair dealing and whether Plaintiffs may pursue that claim together with their claim for breach of contract in Count I.  The Court now clarifies: the claim for breach of the covenant of good faith and fair dealing is dismissed, and Plaintiffs cannot pursue it.

6.  Count VII:   "Intentional Fraud, Equitable Fraud and Material Misrepresentation"

In Count VII, Plaintiffs assert a second claim for fraud, this time based on alleged misrepresentations made to each Plaintiff regarding the conditions under which their membership fees would be returned, the express language of the contracts they signed notwithstanding. However, even in this Count, Plaintiffs do not allege specific facts supporting the claim. They only allege that each Plaintiff was "told by one or more representatives of the Club that if his circumstances changed, he would be given a full refund of his membership deposit without having to await a reissuance [sic] of his specific 'membership.'" (Compl. ¶ 6a.)  The Complaint contains no more specifics regarding this misrepresentation, such as who spoke it, when or where. Without "injecting precision" into such a brief statement or offering "some measure of substantiation into their allegations of fraud," Plaintiffs have failed to meet the pleading standard of Rule 9(b).  See Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004).[4]

7.  Counts VIII:   Equitable Estoppel

"The doctrine [of equitable estoppel] is designed to prevent injustice by not permitting a party to repudiate a course of action on which another party has relied to his detriment. The doctrine is invoked in the interests of justice, morality and common fairness." Knorr v. Smeal, 836 A.2d 794, 799 (N.J. 2003). Here, Plaintiffs have pleaded a breach of contract, not an "injustice" or other equitable concern that would move the Court to grant relief outside of the

---

[4] The Court also notes that both the Bava and Matina Complaints contain the identical allegation of misrepresentation, without alleging that the Plaintiffs were in fact together when club representatives allegedly spoke with them, further highlighting that this allegation fails to "place the defendants on notice of the precise misconduct with which they are charged." Lum, 361 F.3d at 223-24.

confines of contract law.[5]

8.     Count IX:    Unjust Enrichment

"The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994). Here, Plaintiffs did not confer a benefit on Defendants with the expectation of remuneration. Instead, Plaintiffs purchased a license for a fee, and received that license when they paid their fee. That Defendants may have breached the terms of the license agreement is grounds for a claim of breach of contract, not for unjust enrichment.

---

[5] Further, equitable estoppel is generally invoked to either bar a party from asserting certain legal positions in litigation or bar a governmental entity from enforcing certain regulations, where doing so would be unfair. It is not generally an independent cause of action and basis for money damages for breach of contract. See, e.g., Hakimoglu v. Trump Taj Mahal Assocs., 876 F. Supp. 625, 638 (D.N.J. 1994) (considering application of equitable estoppel to bar affirmative defense of intoxication in breach of contract case); Toll Bros., Inc. v. Township of Moorestown, 2006 WL 2660792, at *7 (N.J. Super. A.D. 2006) (considering application of equitable estoppel to bar enforcement of zoning ordinance).

## **CONCLUSION**

For the foregoing reasons, and for good cause shown,

IT IS on this 17th day of August, 2009,

ORDERED that Plaintiffs' motion for reconsideration (docket # 35 in case 08-5473 and docket # 31 in 08-5725) is DENIED; and it is further

ORDERED that Plaintiffs' request to certify the dismissal of Counts II - IX for interlocutory appeal is DENIED.

s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.
